By the Court.
Edward F. Luteman obtained a judgment in the court of common pleas of Knox county, Ohio,, upon a cognovit. note against James I. McCullough, Justin E. Devalon and R. D. McCullough.
An assignment of this judgment in writing upon the execution docket of that court was made by Edward F. Luteman to L. A. Culbertson.
Under authority of the assignment, L. A. Culbertson filed a precipe with the clerk of the court for a writ of execution against the defendants. The writ was issued and levy made upon goods and chattels, and the judgment, in the sum of $5006.90, was paid by R. D. McCullough. Immediately upon the payment of the judgment the defendants in the first cause filed an original action in the court of common pleas against Edward F. Luteman, together with an affidavit for attachment against *490 Luteman, and the coroner of the county served a notice in garnishment upon the sheriff “to safely keep and hold in his possession any money or property belonging to Edward F. Luteman,” and it was because of this notice that the sheriff claimed the right to withhold from Culbertson the money made upon execution in the case of Luteman v. McCullough et al. Thereafter Culbertson filed a motion to amerce the sheriff for failure to pay to him the moneys made upon the writ.
Upon a hearing in the court of common pleas the court found in favor of the sheriff' and dismissed the proceedings in amercement at the costs of Culbertson. Error was prosecuted to the court of appeals, where the judgment of the court of common pleas was reversed and the sheriff was amerced in the sum of $4,833.42 with ten per cen-tum penalty thereon, amounting to $5,316.76, together with costs. Error is now prosecuted to this court to reverse that judgment.
The assignment to Culbertson of the judgment in the case of Luteman v. McCullough et al. was effective to transfer all the right and title of Lute-man in the proceeds of such judgment, until set aside, and no action to which Culbertson was not a party would be effective to accomplish its annulment.
The transfer upon the execution docket, together with the direction in the writ “to render unto the said Lewis A. Culbertson assignee of judgment,” was both constructive and actual notice to the sheriff of such assignment.
*491 The action against Luteman, to which Culbertson was not a party, together with the proceeding in attachment against Luteman and the service of notice in garnishment upon the sheriff, -were not a justification of the sheriff in refusing to pay to Culbertson the money due him.
The judgment of the court of common pleas in dismissing the motion to amerce was erroneous. The judgment of the court of appeals in reversing the judgment of the court of common pleas will be affirmed. But in view of the fact that "the court of common pleas erred in its judgment that the attachment proceedings authorized the sheriff to retain the money pending the disposition of the case of McCullough et al. v. Luteman, we are not disposed to penalize the sheriff for adopting the view of the common pleas court of his own county, and the judgment of the court of appeals will be to that extent modified.

Judgment modified, and affirmed as modified.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.